The State of Ohio, Appellant, *v.* Saygrover, Appellee.

[Cite as State v. Saygrover, 1 Ohio App. 2d 360.]

(No. 299—Decided January 9, 1964.)

*Mr. Robert O. Hamilton,* prosecuting attorney, for appellant.

*Mr. John W. Dailey,* for appellee.

Guernsey, J. This is an appeal by the state of Ohio on questions of law from the following order of the Common Pleas Court of Union County:

"This cause coming on for hearing on the motion to quash the indictment against the defendant, William A. Saygrover, the court being fully advised in the premises grants the same.

"It is therefore ordered that said defendant be held to bail for his appearance at the first day of the next term of this court to answer said charge and the bond heretofore given to remain

in effect until further order. Exceptions saved for plaintiff.''

The cause came on to be heard on motion of the appellee to dismiss the appeal for want of prosecution and, subject to the ruling on the motion, to be heard on the merits. At the hearing on the motion the state moved orally for leave to file its brief and assignments of error and the court raised issue as to its jurisdiction to entertain this appeal as of right by the state.

Although there are many cases in the jurisprudence of this state which establish the right of the state of Ohio to prosecute an appeal from an order of a trial court discharging a defendant in criminal proceedings, or dismissing the proceedings, pursuant to the sustaining of a motion to quash an indictment (see, for instance, *Eastman* v. *State*, 131 Ohio St., 1), almost all the definitive cases in this area are based on the jurisdictional provisions of Section 6, Article IV, Ohio Constitution, as such provisions existed prior to the 1944 amendment, which became effective January 1, 1945, and no cases which we have been able to find have given specific consideration to the effect of such amendment upon the jurisdiction of the Courts of Appeals to entertain such an appeal.

However, in this appeal we need not further concern ourselves with this jurisdictional issue, for the appeal must fail upon another.

It will be observed that the order appealed from neither discharges the defendant nor dismisses the proceedings against him. In all the Ohio cases where the appellate court has taken jurisdiction it either appears affirmatively that the defendant was discharged or that the proceedings were terminated as to him, or the opinion is silent in this respect. We have been unable to find any case where it appears affirmatively, as it does in the instant case, that the defendant was held to bail for further proceedings.

Ostensibly, the trial court was acting under the provisions of Section 2941.58, Revised Code, providing as follows:

''When a motion to quash or a plea in abatement is adjudged in favor of the accused, the trial court may order the case to be resubmitted to the grand jury, if then pending, or to the next succeeding grand jury. The accused then may be committed to jail or held to bail in such sum as the trial court

requires for his appearance to answer at a time to be fixed by the court.''

Under such circumstances it is our opinion that the order of the trial court was not an order which ''in effect determines the action and prevents a judgment'' and did not, therefore, constitute a final, appealable order as defined by Section 2505.02, Revised Code, which is applicable to criminal as well as civil proceedings. This viewpoint is supported by the general rule expressed in 24 Corpus Juris Secundum, 1039, Criminal Law, Section 1661, as follows:

''*Necessity of judgment and finality thereof.* In the absence of a statute which provides otherwise, it is not only necessary that the judgment quashing the indictment or sustaining a demurrer thereto be a final disposition of the case, but it is also essential that a proper judgment be duly entered on the order of the court. Where the court has ordered the case resubmitted to the grand jury, in addition to sustaining accused's demurrer, or where accused has been reindicted for the identical crime, it is not such a final disposition of the case as to authorize an appeal by the state.''

For the want of a final appealable order the appeal is dismissed. The appeal being thus terminated, the motion of the appellee to dismiss the appeal for want of prosecution and the motion of the appellant for leave to file its brief and assignments of error are both overruled.

*Appeal dismissed.*

MIDDLETON, P. J., and YOUNGER, J., concur.